**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRANDY BAKER,<br>    Plaintiff,<br><br>v.<br><br>ALLERGAN, INC., et al.,<br>    Defendant. | Civil Action No. 2:21-cv-13928<br><br>Hon. Brian A. Martinotti<br>Hon. Edward S. Kiel |

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW FROM REPRSENTING PLAINTFF**

**TABLE OF CONTENTS**

Table of Authorities .................................................................................... 1

Argument ..................................................................................................... 1

**TABLE OF AUTHORITIES**

Local Rule of Civil Procedure 102.1 ........................................................... 1

*Kaufman v. S. Winners, Inc.*,
   Civil Action No. 03-3085 (MLC), 2005 U.S. Dist. LEXIS 28699
   (D.N.J. Nov. 18, 2005) .......................................................................... 2

**ARGUMENT**

Pursuant to Local Rule of Civil Procedure 102.1, the law firm of Lopez McHugh, LLP, and the attorneys of record, Joshua M. Mankoff, Esquire Michael S. Katz, Esquire, seek leave of the Court to withdraw as counsel on behalf of Plaintiff in the above-captioned action. Despite diligent attempts to communicate with Plaintiff about her case, Plaintiff has not provided essential information to

Lopez McHugh for her attorneys to effectively represent her under the applicable rules of professional conduct. As provided in more detail in a declaration attached as Exhibit A to this motion, Plaintiff's counsel has attempted to obtain information from Plaintiff via phone, electronic, and UPS mail. Counsel has also conducted public and paid records searches to attempt to confirm and/or locate new contact information for Plaintiff, yet, to date, has not received the necessary requested information in response to any attempts to reach Plaintiff. To the extent there has been limited communication between Plaintiff and Plaintiff's counsel, those communications are protected by counsel's duty of confidentiality and the attorney-client privilege. The details of any such communication are therefore not included in this motion or the declaration; any such communication, however, has not provided the details necessary for Lopez McHugh to continue to represent Plaintiff.

"The decision as to whether to grant a Motion to Withdraw is within this Court's discretion." *Kaufman v. S. Winners, Inc.*, Civil Action No. 03-3085 (MLC), 2005 U.S. Dist. LEXIS 28699, at *7 (D.N.J. Nov. 18, 2005) (citation omitted).

> When evaluating a Motion to Withdraw, a court must consider the following criteria: (1) the reason withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case.

*Id.* (citation omitted). All four factors weigh in favor of permitting the requested withdrawal. Withdrawal is sought because Lopez McHugh is unable to effectively represent Plaintiff because of the breakdown in communication. Withdrawal will not prejudice Defendants nor harm the administration of justice because there are no deadlines in this case and because Plaintiff can engage substitute counsel. Moreover, even if Plaintiff proceeds without an attorney, because Lopez McHugh cannot effectively represent Plaintiff, to the extent proceeding *pro se* is less desirable, generally, it will not result in any meaningful difference here. Finally, withdrawal is unlikely to delay resolution of the case because this case is not in consideration in the bellwether process and there are no deadlines that currently apply.

Because of this breakdown in communication and counsel's inability to obtain necessary information to proceed with representation, Lopez McHugh respectfully requests permission to withdraw from representation so that Plaintiff may obtain substitute counsel or proceed without representation.

Dated this 3rd day of November, 2022       Respectfully submitted,

**Lopez McHugh, LLP**

*/s/ Joshua Mankoff*
Joshua M. Mankoff
*/s/ Michael S. Katz*
Michael S. Katz

        214 Flynn Ave.
        Moorestown, NJ 08057
        Telephone: (856) 273-8500
        Facsimile: (856) 273-8502
        *Attorney for Plaintiff*